# RESCRIPT OPINIONS.

COMMONWEALTH vs. ROBERT G. MACKEDON, JR. No. 02-P-634. November 14, 2003. *Controlled Substances. Joint Enterprise. Practice, Criminal,* Instructions to jury.

On appeal from a jury's verdict of guilty on an indictment charging the defendant with the unlawful distribution of morphine,[1] the defendant claims error in the trial judge's instruction to the jury on the issue of joint venture. We conclude that the trial judge corrected any error in her instruction and affirm the conviction.

1. *The facts.* There was evidence to show that the defendant and Richard Kerner met and entered into an agreement with undercover police officers concerning the sale and delivery of narcotic drugs, Percocet pills. When Kerner told one of the officers that Percocets were not readily available, the officer stated that he wanted something sooner. The defendant then produced a bottle of pills and stated that he could sell the officer morphine. Kerner pushed down the defendant's hand holding the bottle of pills and told him not to "let people see what we're doing." The officer, the defendant, and Kerner then engaged in conversation that concluded with the understanding that the officer would call Kerner the next day on his (Kerner's) pager number and that Kerner would then meet the officer at a designated location, at which time they would proceed to another destination where the transaction would take place.

On the following day, the officers proceeded in accordance with Kerner's instructions, that is, they drove back to the parking lot where they had met the day before and dialed his pager number. About twenty minutes later, the defendant drove into the parking lot. He was alone. The defendant followed the officers to another parking lot and got out of his car. The defendant removed a brown prescription bottle from his coat and told the officers he could sell them twenty-five pills. The pills and cash were exchanged, and the officers arrested the defendant.

On this evidence, the judge instructed the jury that the defendant could be found guilty either as a principal or as a joint venturer. The defendant objected to the instruction that allowed the jury to consider whether the defendant was a joint venturer with Kerner. During their deliberations, the jury sent a question to the judge: "What does joint venture have to do with this as Mr. Kerner is not charged as far as we know?" The judge conferred with counsel and then instructed the jury: "I am taking the issue of joint venture away from you.

---

[1]The defendant was also convicted on that portion of the indictment that charged him with a subsequent offense.

Disregard what I said about joint venture in the charge. Consider the case and my charge to you without anything I said about joint venture."

2. *Discussion.* Given Kerner's role in arranging the transaction before us, we think the jury could have found that a joint venture existed. Nonetheless, where, as here, a defendant is the *sole principal* actor, he cannot be found guilty as a joint venturer. See *Commonwealth* v. *Green,* 420 Mass. 771, 778-781 (1995); *Commonwealth* v. *Berry,* 431 Mass. 326, 330-333 (2000). On the evidence presented, the defendant could be found guilty as a principal but not as a joint venturer. That being so, the judge was in error initially in instructing the jury on the law of joint venture. However, because she correctly removed the question of joint venture liability from the jury's consideration, the question before us boils down to whether the judge's earlier erroneous but subsequently corrected instruction somehow caused the defendant prejudice.

We discern no basis for a reversal of the defendant's conviction. First, the judge was explicit in her instruction to the jury that they were to withdraw consideration of the defendant's guilt or innocence as a joint venturer from their deliberations. Second, our presumption that the jury followed this instruction is bolstered by their question on joint venture liability, a question showing that the jury themselves understood the judge's instructions and were skeptical about joint venture liability. Third, there was powerful, if not overwhelming, evidence of the defendant's guilt as a principal. For these reasons there is no basis upon which we could conclude that the judge's instructions confused the jury or that they failed to follow them.

*Judgment affirmed.*

*Richard L. Goldman* for the defendant.

*Robert C. Thompson,* Assistant District Attorney, for the Commonwealth.